ORIGINAL

No, 07-cv-355-SLR

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---



GABRIEL G. ATAMIAN,MD,MSEE,JD
APPELLANT,

v.

U.S.DEPARTMENT OF EDUCATION
and SECRETARY OF U.S.
DEPARTMENT OF EDUCATION,
APPELLEES.

---

ON APPEAL TO THE UNITED STATES DISTRICT COURT OF
DELAWARE FROM THE BANKRUPTCY COURT

---

APPELLANT'S OPENING BRIEF

---

Gabriel G. Atamian,, BA,BS,MA,MD,MSEE,MS,JD
1021 N. State Street Apt A
Dover, DE 19901
302-678-2546

TABLE OF CONTENTS

Table of Contents                                                          i

Table of Citations                                                        ii

Opinion  Below                                                             1

Jurisdiction                                                               1

Constitutional Provision Involved                                         1

Nature of Proceedings and Facts                                           2

Summary of Arguments                                                      3

Arguments                                                                 4

    A. The Assistant Uited States Attorney , Ellen W. Slights,
       has committed the following misconduct:
         i.   Abuse of authority and abuse of discretion;
        ii.   Failure to perform/derelection of duties;
       iii.   Improper remarks in pleadings;
        iv.   Not answering the specifics of pleadings.                    4

    B. The Assistant United States Attorney, Ellen .W. Slights,
       has committed the following misconduct:
         i. Failure to comply Rule 16 of Discovery, to complete
            discovery;
        ii. Failure to comply with Federal Rules of Discovery,
            Rule 26 . to 37.                                               5

    C. The Assistant United States Attorney, Ellen W. Slights, has
       committed the following misconduct:
         i. Failure to perform her duties as an "attornet";
        ii. Failure of derelection of her duties as an assistant
            "attorney" of the United States.                              6

    D. The Assistant United States Attorney, Ellen W. Slights, has
       committed the following misconduct:
         i. By misleading the court and the debtor that will
            forbide to complaint against the United States officers;
        ii. By interference with the Debtor's Rights;
       iii. By abusing her authority as an attorney of
            the United States.                                            8

    E. The Assistant United States Attorney, Ellen W. Slights, has
       committed the following misconduct:
         i. By refusing to refer this case to the Justice
            Department for investigation of the conspiracy;
        ii. The conspiracy has prevented the erradication of
            the suffering and painfull dental conditions                  9

    F. The Bankruptcy Court erred by granting Department of Education's
       Motion for Summary Judgment without allowing the Debtor to
       conduct any discovery.                                            10

Conclusion                                                               11

Proof of Service                                                         12

TABLE OF CITATIONS

28 U.S.C. § 158 (B)                                              1

Article III of the US Constitution                              1

FRCP Rules 26 to 37                                             5

Human Rights Declaration                                       8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## OPINION BELOW

The Opinion of the Bankruptcy Court of Delaware , dated May 10, 2007, is attached hereto as Exhibit "M".

## JURISDICTION

This is an Appeal under 28 U.S.C. § 158(B) from the judgment, order, or decree of the bankruptcy judge denying the motion for the need of referral of this case to the United States Justice Department for investigation why the Appellant/Debtor was not able to earn an income since 1982 because of jewish conpiracy.

## CONSTITUTIONAL PROVISION INVOLVED

That this case arise under/or in bankruptcy case(core) and also qualify that it is related to the bankruptcy case(non-core); where , the jurisdiction of the bankruptcy court is deliniated by the Congress, Article III.

1

## NATURE OF PROCEEDINGS AND FACTS

On November 15, 2005, the Debtor filed a voluntary petition for relief under Chapter 7, of the Bankruptcy Code.

On January 20, 2006, the Debtor filed a Complaint(the"complaint") against National Payment Center, John Hopkins University, and Signet Bank. The Complaint was later amended to add the Department of Education as a party.

On May 10, 2007, the Bankruptcy Court Granted the Department of Education's summary judgment. Also, the Court concluded that there is no genuine issue as to any material fact that it has no subject matter jurisdiction over the the Residual Claims. In other words, the Court Denied the Debtor's request for the referral to the United States Department of Justice for the investigation that why the Debtor was not able to make an income since 1982 and to be able to pay the student loan. Even though, the Debtor posseses 10 advanced degrees including Psychiatry Diploma with Honors.

SUMMARY OF ARGUMENTS

A. The Assistant Uited States Attorney , Ellen W. Slights,
   has committed the following misconduct:
      i.   Abuse of authority and abuse of discretion;
      ii.  Failure to perform/derelection of duties;
     iii.  Improper remarks in pleadings;
      iv.  Not answering the specifics of pleadings.

B. The Assistant United States Attorney, Ellen W. Slights,
   has committed the following misconduct:
      i. Failure to comply Rule 16 of Discovery, to complete
        discovery;
      ii. Failure to comply with Federal Rules of Discovery,
         Rule 26 . to 37.

C. The Assistant United States Attorney, Ellen W. Slights, has
   committed the following misconduct:
      i. Failure to perform her duties as an "attornet";
      ii. Failure of derelection of her duties as an assistant
        "attorney" of the United States.

D. The Assistant United States Attorney, Ellen W. Slights, has
   committed the following misconduct:
      i. By misleading the court and the debtor that will
        forbide to complaint against the United States officers;
      ii. By interference with the Debtor's Rights;
     iii. By abusing her authority as an attorney of
         the United States.

E. The Assistant United States Attorney, Ellen W. Slights, has
   committed the following misconduct:
      i. By refusing to refer this case to the Justice
        Department for investigation of the conspiracy;
      ii. The conspiracy has prevented the erradication of
         the suffering and painfull dental conditions

F. The Bankruptcy Court erred by granting Department of Education's
   Motion for Summary Judgment without allowing the Debtor to
   conduct any discovery.

## ARGUMENT

A.   The Assistant United States Attorney, Ellen W. Slights, has
     committed the following misconduct:
              i. Abuse of authority and abuse of discretion;
             ii. Failure to perform/derelection of duties;
            iii. Improper remarks in pleadings;
             iv. Not answering the specifics of the pleadings.

On June 9, 2006, the Debtor filed his First Amended Complaint
(See A-1 to A-20).

On July 12, 2006, defendant's counsel, Ellen W, Slights, from
hereafter "Ms. Slights", answered the Complaint.( A-21 to A-22).

The Complaint was not a notice pleading. It was composed with
specific facts and issues(A-1). Yet, "Ms. Slights", choose not to
answer the specific facts and evidence directed to the defendant.
"Ms. Slights" did answer by denial of the entire complaint(A-21 to
A-22).

For example para. 6 (A-4), states;

          "... that Debtor was not able to earn any income since
          1982, even though he does posses 10 advanced degrees."
     (See A-67, Earned Income prepared by the IRS)

The Answer of para. 6 by "Ms. Slights" . is:

          " 6. Defendant lacks knowledge or information sufficient
               to form a belief as to the truth of these allegations
               and they are therefore denied."

The earned income furnished by IRS indicates that the Debtorwas

not able to earn an income since 1982(A-67).

By Analyzing the Debtor's Complaint(A-1) and the answer thereof

of the defendant counsel, (A-21), it is clear that the defendant

counsel has abused her authority and she has failed to perform her

duties by not answering anything at all to the pleading as required

by the Federal Civil procedure Rules of Pleading, especially Rules

8 and 9.

4

B. The Assistant United States Attorney, Ellen W. Slights, has
   committed the following misconduct:
      i. Failure to comply Rule 16 of Discovery, to complete
         discovery;
     ii. Failure to comply with Federal Rules of Discovery,
         Rules 26 to 37.

On October 26, 2006, the Debtor served Interrogatories to the
defendant(A-24 to A-48).

On November 6, 2006, defendant's counsel, "Ms. Slights", responded
by a Motion for Protective Order(A-49 to A-50),

On November 13, 2006, the Debtor filed Motion to Compel Interrogatories
(A-51 to A-54).

It is very evident that "Ms. Slights" has not answered any of the
Debtors interrogatories (See A-49 to A-50).

On November 13, 2006, the Debtor's Compel Interrogatories (A-51),

clearly indicates that the interrogatories are relevant and essen-

tial to the subject matter of the conspiracy which has prevented

the Debtor (Appellant) to earn an income since 1982(A-67), thus not

being able to pay the student loan , and, therefore being in the

bankruptcy court.

In conclusion, the Debtor has served the defendant with a set of

interrogatories (A-24 to A-48), illustrating with evidence that the

conspiracy has ruined the DEbtor's life. Yet, "Ms. Slights" has

managed not to answer to answer any of the pertinent interrogatories

(A-49 to A-50), by stating that the interrogatories were annoyance,

embarrasment, oppression...(A-49).

5

C. The Assistant United States Attorney, Ellen W. Slights, has committed the following misconduct:

>    i. Failure to perform her duties as an "attorney";
>   ii. Failure   of derelection of her duties as an
>        assistant "attorney" of the United States.

On November 18, 2006, the Debtor filed Motion for Protective Order (See A-55 to A- 57), where the Debtor discussed the following:

1.   Jewish conspiracy from NYC , since 1965, has ruined plaintiff's entire life. Plaintiff has nowife, no children, no job, no money, no savings; in other words, plaintiff has absolutely anything except 10 advanced degrees including psychiatry diploma with honors.

2.   It is essential for the Assistant United States Attorney, from hereon ("Attorney"), to find out what did happen to plaintiff that he was literaly on the death row for $7\frac{1}{2}$ years , because jewish conspiracy made a fictitious diagnosis of Lou Gueric disease which is invariably fatal in couple years, on plaintiff on 1971.

3.   It is the duty and the obligation of the ("Attorney"), to investigate this case or to refer to the proper authorities in the Justice Department to investigate why plaintiff has not been able to earn an income since 1982.

4.   It is the duty and obligation of the ("Attorney") to find out why plaintiff surrender his medical licensure to the State of Virginia, in 1985. Couple days after the surrender of the license, plaintiff  on the telephone with Licensing Department of the State of New York, where the State of New York stated: " Plaintiff has a license to practice medicine for life in New York."

6

5. It is the duty and the obligation of the ("Attorney"), to investigate why plaintiff was not able to find a job in Electrical Engineering, in 1990.

6. It is the duty and obligation of the ("Attorney") to investigate or refer to the proper authorities in the Justice Department to find that on June 1, 1987, plaintiff's beloved mother was murdered at Washington Adventist Hospital , by a jewish physician by prescribing medications in such doses that it would be fatal to any person.

7. It is the duty and obligation of the ("Attorney") to find out that Dr. Gorkin, a jewish physician, has labelled plaintiff a psychopath.

8. It is the duty and obligation of the ("attorney") to find out why dentists have refused to treat plaintiff's urgent and needy dental problems.

7

D.  The Assistant United States Attorney , Ellen W. Slights, has
    committed the following misconduct:
          i.   By misleading the court and the debtor that will
               forbide to complaint;against the United States
               officers;
         ii.   By interfernece with the Debtor's Rights,
        iii.   By abusing her authority as an attorney of
               the United States.

On December 8, 2006, "Ms. Slights" drafted a stipulation (A-58
to A-60). where on p.2 (A-59), para 2, states:

               "2.   The parties agree that the Complaint
                     against the United States or any officer
                     or department thereof shall be dismissed
                     with prejudice."


The above action of "Ms. Slights" to forbide the Debtor to bring

a complaint against her or any officer of the United States, it is

a demonstration of the misleading tactics by her and also it is

an indication of abusing her authority as an assistant attorney

of the United States. Moreover, it is an interference with the

Debtor's Human Rights to be able to bring a suit or complaint against

anybody who has committed any wrong legally.

8

E. The Assistant United States Attorney, Ellen W. Slights, has committed the following misconduct:

      i. By refusing to refer this case to the Justice
         Department for investigation of the conspiracy;
     ii. The conspiracy has prevented the erradication of
         the suffering and painfull dental conditions.

Since 1996, all the dentists have refused to treat the urgent need of Debtor's dental problems and conditions.

The Debtor is suffering from swollen gums and absess of tooth#29, it is very difficult for the Debtor to chew food , and it is pain-full.

Finally, the debtor is referring to Dr. Christensen evaluation of two x-rays of the Debtor( A-61 toA-64), states;

> " If this in fact occured in only three weeks it would
> be a major undescribable phenomenon."

. . .

> " ... however it is a very peculiar situation that
> I have not seen before in 45 years."

The only way to explain the above x-rays findings of Exh. A and Exh. B, it is due to the malicious conduct of the dentist, Dr. Bahar, who on 11/24/98 purposely, willfully and knowingly has destroyed the cementum of tooth#5 which has brought the resorption in 3 weeks duration . That is why Dr. Christensen states " a major undescriba-ble phenomenon ." .

9

F.  The Bankruptcy Court erred by Granting Department of Education's
    Motion for Summary Judgment without permitting the Debtor to
    conduct any discovery.

Attached hereto as Exhibit "M", is the Memorandum Opinion of the
Bankruptcy Court, dated May 10, 2007.

The Bankruptcy Court erred for Granting Department of Education's
motion for summary judgment without permitting or allowing the
Debtor to conduct a discovery. Sections A to E, supra, illustrates
the defendant counsel has prevented the Debtor to conduct a disc0-
very, where it would have revealed the jewish conspiracy against
the Debtor, which has prevented him to earn an income since
1982(A-67), thus Debtor not being able to pay the student loan ,
and, therefore the Debtor to be in the bankruptcy court, today.

10

## CONCLUSION

As Evidenced from the above facts, jewish conspiracy from NYC, since 1965, has ruined my entire life. I have no wife, no children, no job, no money, no savings; in other words, I have absolutely anything except 10 advanced degrees including psychiatry diploma with Honors (A-65 and A-66).

But, Ms. Slights, as indicated in Appendix I, is not willing to refer this case to the proper authorities in the Justice Department for investigationby a Christian Master , why was I not able to earn an income since 1982(where my age was 47) , even though I have 10 advanced degrees including psychiatry diploma with Honors, accorded on 1983. Also, to investigate the entire conspiracy against me since 1965,

Hoping that Your Honorable will respond to this unusual case which should never happened in America.

And hoping that the Court issues an Order to refer this case to the Justice Department for investigation.

Very truly,

*Gabriel G. Atamian, MD, MSEE, JD*

Gabriel G. Atamian, MD, MSEE, JD
1021 N. State Street Apt A
Dover, DE 19901
302-678-2546
Appellant/Debtor. Pro se

December 13, 2007

11

PROOF OF SERVICE

I, Gabriel G. AtaMian,MD,MSEE,JD, do hereby certify that a copy
of the Appellant's Opening Brief , was served on  December 13, 2007,
postage prepaid, priority mail, on:

Ellen W. Slights
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046

I declare under  .. the law of penalty of perjury that the above
foregoings are true and correct.

Gabriel G. Atamian, MD, MSEE, JD

December 13, 2007

12

Exhibit "M"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) Chapter 7 |
| | ) |
| GABRIEL G. ATAMIAN, MD, MSEE, | ) Case No. 00-05-20040 (MFW) |
| JD, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| ――――――――――――――――――――――――― | ) |
| | ) |
| GABRIEL G. ATAMIAN, MD, MSEE, | ) |
| JD, | ) |
| | ) |
| Plaintiff, | ) Adversary No. A-06-50435 |
| | ) (MFW) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| SECRETARY OF U.S. DEPARTMENT | ) |
| OF EDUCATION, and SIGNET | ) |
| BANK, | ) |
| | ) |
| Defendants. | ) |
| ――――――――――――――――――――――――― | ) |

### MEMORANDUM OPINION[1]

Before the Court is the Motion of the United States
Department of Education (the "DOE") seeking summary judgment in
its favor on the Complaint filed against it by Gabriel G.
Atamian, MD, MSEE, JD (the "Debtor").  For the reasons discussed
below, the Court will grant the Motion.

---

[1] This Opinion constitutes the findings of fact and
conclusions of law of the Court pursuant to Federal Rule of
Bankruptcy Procedure 7052.

I.    BACKGROUND

In 1986, 1988, and 1989, the Debtor executed promissory notes to secure education loans (collectively, the "USA Loans") totaling $22,500. The USA Loans were guaranteed by USA FUNDS and reinsured by the DOE under a statutorily authorized guaranty program. On October 14, 2004, the USA Loans were assigned to the DOE.

On February 7, 1990, the Debtor executed another promissory note to secure a $3,000 loan ("Perkins Loan") from Johns Hopkins University. On August 25, 1995, the Perkins Loan was assigned to the DOE. (The Perkins Loan and the USA Loans are collectively referred to as the "Education Loans.")

On November 15, 2005, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On January 20, 2006, the Debtor filed a complaint (the "Complaint") against National Payment Center, Johns Hopkins University, and Signet Bank. The Complaint was later amended to add the DOE as a party. The Complaint seeks (1) a determination that the Education Loans are dischargeable (the "dischargeability claim") and (2) an investigation into an alleged conspiracy by the Jewish community (a) to prevent the Debtor from earning an income since 1982, (b) to cover up the alleged murder of the Debtor's mother, and (c) to mistreat the Debtor's dental conditions since 1979 (collectively, the "Residual Claims").

2

On December 29, 2006, the DOE determined that the Education
Loans were dischargeable pursuant to section 523(a)(8) of the
Bankruptcy Code and effected an administrative discharge of the
Education Loans.  On February 9, 2007, the DOE filed a Motion for
summary judgment on the Complaint against it.  The Debtor opposes
the Motion.  All briefing on the Motion is complete.  The matter
is now ripe for decision.

## II.   JURISDICTION

The Court has subject matter jurisdiction over this
adversary proceeding.  28 U.S.C. §§ 1334(b) & 157(b)(1).  This is
a core proceeding.  28 U.S.C. § 157(b)(2)(A) & (I).

## III. DISCUSSION

### A.   Standard of Review

Summary judgment "shall be rendered . . . if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law."  Fed. R. Civ. P.
56(c).  The moving party bears the burden of establishing no
genuine issue of material fact exists.  Matsushita Elec. Indus.
Co. v. Zenith Radio Corp., 475 U.S. 574, 585 n.10 (1986).  Facts
that may alter a suit's outcome are "material."  Anderson v.

3

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Horowitz v. Fed.
Kemper Life Assurance Co., 57 F.3d. 300, 302 n.1 (3d Cir. 1995).
The Court views all facts and draws all reasonable inferences "in
the light most favorable" to the non-moving party. Pa. Coal
Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). "[T]he
nonmoving party must come forward with 'specific facts showing
that there is a genuine issue for trial'." Matsushita, 475 U.S.
at 587 (emphasis in original). "Where the record taken as a
whole could not lead a rational trier of fact to find for the
non-moving party, there is no 'genuine issue for trial'." Id.

B.    DOE's Motion for Summary Judgment

The DOE moves for summary judgment because there is no
genuine issue of material fact: the DOE agreed to the Debtor's
requested discharge of debt, and the Court does not have
jurisdiction over the Residual Claims.

The Debtor argues initially that the Motion is procedurally
deficient because the DOE failed to set a hearing on the summary
judgment Motion.    The Debtor also asserts that the Court does
have subject matter jurisdiction over the Residual Claims because
the alleged conspiracy caused the Debtor to be unable to repay
the Education Loans.    Lastly, the Debtor requests that the Court
refer the case to the United States Department of Justice for
investigation of the Residual Claims.

4

1.   Requirement of a Hearing on the Motion

The Debtor argues that he has a right to a hearing on the Motion pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.  Fed. R. Bankr. P. 9014 (a),(c).

The Court does not agree.  Rule 9014 does not require a hearing, only an opportunity for a hearing.  See, e.g., First Republicbank Dallas v. Gargyle Corp., 91 B.R. 398, 401 (N.D. Tex. 1988) ("Rule 9014 . . . provides that 'reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought' [and] 'after notice and a hearing' does not require a hearing in the absence of a request therefor . . . .");  11 U.S.C. § 102 (1) (defining the meaning of the phrase "after notice and a hearing, or a similar phrase" and providing that the Code authorizes an act absent a hearing if a hearing is not timely requested by a party in interest).  Further, Rule 9014 does not apply to adversary proceedings, and none of the adversary rules (Rule 7001 et seq.) of the Federal Rules of Bankruptcy Procedure requires a hearing on a Motion.

The Local Rules for this District expressly provide that a hearing on a motion such as this one does not require a hearing.  The Local Rules provide in this regard:

> No hearing will be scheduled on motions filed in adversary proceedings, unless the Court orders otherwise, except for discovery-related motions which shall be governed by Local Rule 9006-1(b).  An application to the Court for oral argument on a motion shall be in writing and shall be filed with the Court

5

and served on counsel for all parties in the proceeding
no later than three (3) days after service of the reply
brief.[2] <u>An application for oral argument may be granted
or denied at the discretion of the Court.</u>

Local Rule of Bankruptcy Procedure 7007-3 (emphasis added).

The Court has not ordered a hearing on this Motion.

Accordingly, the Court concludes that there was no procedural

error on the part of the DOE and no hearing was required.

    2.    <u>Jurisdiction over Residual Claims</u>

The Court has jurisdiction over all cases arising under

title 11 of the United States Code (the "Bankruptcy Code").  28

U.S.C. § 157.  A bankruptcy court can generally hear and

determine matters "under," "arising under," "arising in," or

"related to" a case under the Bankruptcy Code.  <u>Id.</u>  <u>See also</u>

<u>Stoe v. Flaherty</u>, 436 F.3d 209, 216 (3d Cir. 2006).

    a.    "Under" Jurisdiction

"Under" jurisdiction refers to the bankruptcy petition

itself.  <u>Stoe</u>, 436 F.3d at 216.  The Residual Claims are not part

of the Debtor's bankruptcy petition.  Thus, they are not claims

which fall "under" the Bankruptcy Code.  Accordingly, the Court

concludes that it has no "under" subject matter jurisdiction over

the Residual Claims.

    b.    "Arising Under" Jurisdiction

A case "arising under" the Bankruptcy Code is one that

---

    [2]  The Debtor did not request oral argument within the time
provided by the Local Rules.

"invokes a substantive right" created by the Bankruptcy Code. Stoe, 436 F.3d at 216. The Bankruptcy Code does not provide the Debtor with the right to seek an investigation by the Court or the Department of Justice into the death of the Debtor's mother or an alleged conspiracy to prevent the Debtor's employment or to mistreat the Debtor's dental conditions. Accordingly, the Court concludes that the Debtor's requested relief does not fall under the category of "arising under" jurisdiction.

       c.   "Arising in" Jurisdiction

Cases "arising in" a bankruptcy case "include . . . such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens." Stoe, 436 F.3d at 216 (internal quotations and citation omitted). Generally, a proceeding will "arise in" a bankruptcy case if it has no existence outside the bankruptcy case. Id. Moreover, proceedings that arise in a bankruptcy case are core matters. 28 U.S.C. § 157(b)(2).

The alleged murder of one's mother and a conspiracy to prevent employment or treatment of dental problems are matters that exist and are usually resolved in the absence of a bankruptcy case. Accordingly, the Court concludes that the Residual Claims do not "arise in" the Debtor's bankruptcy case.

       d.   "Related to" Jurisdiction

The Court only has "related to" jurisdiction over an issue

7

that may affect the administration of the Debtor's bankruptcy
estate.  Stoe, 436 F.3d at 216.  See, e.g., In re Federal-Mogul
Global, Inc., 300 F.3d 368, 382 (3d Cir. 2002) (explaining that
"whether a lawsuit could 'conceivably' have an effect on the
bankruptcy proceeding inquires whether the allegedly related
lawsuit would affect the bankruptcy proceeding without the
intervention of yet another lawsuit."); Pacor Inc. v. Higgins,
743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by,
Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995) ("An
action is related to bankruptcy if the outcome could alter the
debtor's rights, liabilities, options, or freedom of action
(either positively or negatively) and which in any way impacts
upon the handling and administration of the bankrupt estate.").

    The Residual Claims seeking an investigation into the death
of the Debtor's mother and the Debtor's employment and dental
treatment are not related to the Debtor's bankruptcy case because
they do not affect the outcome of the Debtor's discharge or
administration of the bankruptcy estate.  See, e.g., Stoe, 436
F.3d at 216; Federal-Mogul Global, 300 F.3d at 382; Pacor, 743
F.2d at 994.  Accordingly, the Court concludes that it does not
have "related to" subject matter jurisdiction over the Residual
Claims.

    The discharge of the Debtor's Educational Loans eliminated
the only claim against the DOE over which the Court had

8

jurisdiction. The Residual Claims do not involve the DOE or the bankruptcy estate. Further, the DOE has agreed with the Debtor that he is entitled to a discharge based on a finding of undue hardship. Therefore, it is not necessary that the Court determine the causes of the Debtor's undue hardship (i.e., the alleged conspiracy). See, e.g., DeFunis v. Odegaard, 416 U.S. 312, 315-20 (1974) (dismissing as moot a suit brought by plaintiff against law school for unconstitutional failure to admit him because the state court granted his requested relief and he was admitted and attending the school). Accordingly, because the Educational Loans were discharged by the DOE (as requested by the Debtor), the Debtor no longer has any claim against the DOE in this adversary proceeding.

3.   Referral of Residual Claims

The Debtor asks the Court to refer the Residual Claims to the Department of Justice for investigation. The Court cannot grant the Debtor's requested relief. The Debtor has cited no authority and the Court cannot find any such authority that gives the United States Department of Justice the power to investigate such allegations of conspiracy. See generally, Act of June 22, 1870, ch. 150, 16 Stat. 162 (1870) (establishing the Department of Justice). Moreover, the Complaint against the DOE is not the proper tool for bringing a complaint against the Jewish community at-large. The Jewish community at-large is not a party to this

9

bankruptcy case or adversary proceeding. Consequently, the Court concludes that a referral to the Department of Justice is not an appropriate exercise of the Court's powers under the Bankruptcy Code and other applicable federal law.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that there is no genuine issue as to any material fact that it has no subject matter jurisdiction over the Residual Claims. Consequently, the Court will grant summary judgment in favor of the DOE.

An appropriate Order is attached.

Dated: May 10, 2007                    BY THE COURT:

Mary F. Walrath

Mary F. Walrath
United States Bankruptcy Judge

10



$5.25

**PRIORITY MAIL**
*UNITED STATES POSTAL SERVICE*

**INTERNATIONAL RESTRICTIONS:**
**LIMITATIONS ON CONTENT:**
When using Priority Mail, restrictions apply for cash or cash equivalents and hazardous materials may be prohibited.

**WHEN USED INTERNATIONALLY 4 POUND**
**WEIGHT LIMIT APPLIES.**
Additional country-specific prohibitions/restrictions may apply. See International Mail Manual (IMM) country pages for details.

**CUSTOMS:**
For international use affix customs declaration PS Form 2976.

**HOW TO USE:**
1. Complete Address

**United States Postal Service®**
**DELIVERY CONFIRMATION™**

0307 1740 0000 4432 5846

...it us at usps.com/pickup.

**We Deliver!**

Any amount of mailable material may be enclosed, as long as the envelope is not modified, and the contents are entirely confined within the envelope with the adhesive provided as the means of closure.

**Flat Rate**
**Mailing Envelope**
*For Domestic and International Use*

Visit us at usps.com

**From/Expéditeur:**

Gabriel G. Atanasov, MD, MSEE JD
1021 N. State St.
Apt A
Dover, DE 19901

**To/Destinataire:**

U.S. District Court of Delaware
c/o Clerk's office
844 N. King St
Lockbox 18
Wilmington, DE 19801







Country of Destination/Pays de destination:

Cradle to Cradle Certification is awarded to products that pursue an innovative vision of ecologically-intelligent design that embodies the concept of waste. This USPS® packaging has been certified for its material content, recyclability and manufacturing characteristics.

Please recycle.