No, 07-cv-355-SLR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GABRIEL G. ATAMIAN, MD, MSEE, JD
APPELLANT,

v.

U.S. DEPARTMENT OF EDUCATION
and SECRETARY OF U.S.
DEPARTMENT OF EDUCATION,
APPELLEES.

ON APPEAL TO THE UNITED STATES DISTRICT COURT OF
DELAWARE FROM THE BANKRUPTCY COURT

APPELLANT'S REPLY BRIEF

Gabriel G. Atamian,, BA, BS, MA, MD, MSEE, MS, JD
1021 N. State Street Apt A
Dover, DE 19901
302-678-2546

2008 FEB 13 AM 11:02
FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                    i

ARGUMENT

  INTRODUCTION                                                          1

  I.  BARRING BANKRUPTCY COURTS FROM MAKING UNDUE
      HARDSHIP DETERMINATIONS WILL LEAVE STUDENT LOAN
      DEBTORS WITHOUT AN EFFECTIVE REMEDY                                1

  A.  THE EXTRA-JUDICIAL DEBT COLLECTION PROCEDURES
      USED BY STUDENT LOAN GUARANTY AGENCIES DO NOT
      AFFORD BANKRUPTCY DEBTORS A MEANINGFUL OPPOR-
      TUNITY TO ENFORCE FEDERAL BANKRUPTCY LAW.                          2

  B.  UNLIKE GUARANTY AGENCIES, FEDERAL BANKRUPTCY
      COURTS ARE UNIQUELY POSITIONED AND QUALIFIED TO
      MAKE STUDENT LOAN DISCHARGEABILITY DETERMINATION                   3

II.A. APPELLANT'S REPLY TO APPELLEE'S SECTION(II. A
      OF SUMMARY JUDGMENT ABOUT ARGUMENT A AND D.                        4

   B. APPELLANT"S REPLY TO APPELLEE'S SECTION II.B
      OF SUMMARY JUDGMENT ABOUT ARGUMENTS B AND F.                       5

CONCLUSION                                                               6

TABLE OF CONTENTS

CASES

Brunner v. N.Y. State Higher Edu. Servs,Corp.
    831 F.2d395,396(2d Cir.1987) ..... 3

Dowling v. City of Philadelphia
    855F.2d136,139-141(3d. Cir.1988) ..... 5

Educational Credit Mgmt. Corp. v. McLeroy
    250 B.R. 872,878-79(N.D. Tex 2000) ..... 3

Ernie Haire Ford, Inc. v. Ford Motor Co.
    260F.3d1285,129on.2(11th Cir.2001) ..... 5

Nary v. The Complete Source(In re Nary)
    250B.R.752,761(N.D. Tex. 200) ..... 3

Radich v. Goode
    886F.2d 1391,1393(3dCir.1989 ..... 5

Raymond v. U.S. Capitol Police Bd.
    157F.Supp.2d50,54(D.D.C.2001) ..... 5


STATUTES AND OTHER AUTORITIES

11USC § 523(a)(8) ..... 2,3

FRCP Rule 56(f) ..... 5

42 USC § 1983 ..... 5

UNITED STATES CONSTITUTION ..... 4

HUMAN RIGHTS ACT ..... 4

APPELLANT'S REPLY BRIEF

COMES NOW Appellant Gabriel G. Atamian,MD,MSEE,JD, timely reply to Appellee's Answering Brief. In support of his reply, states the following:

ARGUMENT

INTRODUCTION

It is essential to notice that on p.5 of Appellee'sAnswering Brief, Appellee' counsel is purposely omitting the principal and fundamental issue which is that Appellant was not able to earn an income; thus, inabilty to pay the student loan, and, therefore to be in bankruptcy court today.

I. BARRING BANKRUPTCY COURTS FROM MAKING UNDUE HARDSHIP DETERMINATIONS WILL LEAVE STUDENT LOAN DEBTORS WITHOUT AN EFFECTIVE REMEDY

Unlike ordinary creditors, guaranty agencies can garnish wages, intercept tax refunds and seize retirement or other government benefits without bringing a court action, and can do so unhampered by federal law collections restrictions. And the extra-judicial collection procedures used by guaranty agencies do not afford bankruptcy debtors a meaningful opportunity to obtain a dischargeability determination or otherwise enforce federal bankruptcy law. Thus , the inability of debtors to obtain a timely bankruptcy court dischargeability ruling would effectively mean that the Bankruptcy Code right to a student loan hardship discharge will exist without a remedy.

In the present case, the DOE has administratively discharged the Appellant's DOE loans,on December 29, 2006. (See Attachment A, attached hereto)

1

A. THE EXTRA-JUDICIAL DEBT COLLECTION PROCEDURES USED BY STUDENT LOAN GUARANTY AGENCIES DO NOT AFFORD BANKRUPTCY DEBTORS A MEANINGFUL OPPORTUNITY TO ENFORCEFEDERAL BANKRUPTCY LAW.

The non-judicial wage garnishment and intercept procedures implemented by the Department of Education in collecting student loans provide guaranty agencies shall conduct a hearing if the borrower contest the validityof the debt and accrude interest of the loan. However , the procedure do not contemplate that a borrower may obtain a bankruptcy undue hardship determination at such hearing. Moreover, the hearing procedure are inadequate when viewed in relation to the heavy burden imposed on student debtors in establishing undue hardship under 11 USC § 523(a)(8). The procedure also fail to expressly provide for an opportunity for judicial review.

The above events , is exactly what happened in Appellant case. Needless, to say that Mr. Chad Keller, the DOE analyst, has granted an undue hardship to the Appellant(Debtor) without conducting a hearing, where the law requires that a hearing is a must condition. (See Attachment A,pp. 1 and 2, attached hereto).

B. UNLIKE GUARANTY AGENCIES ,FEDERAL BANKRUPTCY COURTS ARE UNIQUELY POSITIONED AND QUALIFIED TO MAKE STUDENT LOAN DISCHARGEABILITY DETERMINATION.

An "[educational] loan made , issued, or guaranteedby a governmental unit" is nodischargeable unless excepting such loan from dischage would impose an "undue hardship" on the debtor.See 11 USC § 523 (a)(8).

Section 523(a)(8), therefore, guides the inquiry of whether

2

a student loan of Appellant is dischargeable. Accordingly, the legal standard which Appellant(debtor) must meet to have his student loans declared dischargeable is the "undue hardship" test. See id.

To decide the issue "undue hardship" , the court first applies the Brunner test; and, the Brunner cannot and should not be applied by the DOE analyst . See Nary v. The Complete Source(In reNary) 253 B.R.752,761(N.D.Tex.2000); Educational Credit Mgmt.Corp. v. Mcleroy( In re McLeroy) , 250B.R. 872,878-79(N.D.Tex 2000). Under the Brunner test, a debtor satisfies the undue hardship test by establishing :

> " (1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for him and his dependents if forced to repay the loans. ; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."

Brunner v. N.Y. State Higher Edu. Servs. Corp., 831 F.2d 395,396(2d Cir. 1987).

Moreover, Collier on Bankruptcy: Discharge on undue hardship;§ 523(a)(8), states, on p. 523-100.2:

> " Despite the court's best efforts to formulate objective criteria for evaluating undue hardship... At bottom, the Bankruptcy Code requires bankruptcy courts to decide how much personal sacrifice society expects from individuals who accepted the benefits of guaranteed loans but who have not obtained the financial rewards they have expected to receive as a result of their educational expenditures."

It is very evident form the above that the"undue Hardship" should have been determined by the bankruptcy court rather than the DOE analyst, Mr.Chad Keller.

3

In conclusion, the bankruptcy law requires that the bankruptcy courts determines the "undue hardship" test for dischargeability of the student loan. By not doing so, the bankruptcy court was not able to assertain the Appellant income earnings in the past, present and future. In other words, the bankruptcy court would have definitely determined the cause of inabilty of Appellant to pay his student loans; which was that the Appellant was not able to earn an income since 1982; even though, Appellant has ten advanced degrees including psychiatry diploma with honors(1983)

II.

A. APPELLANT'S REPLY TO APPELLEE"s SECTION II.A OF SUMMARY JUDGMENT.About ARGUMENT A AND D.

It is nice to notice that Appellee has never raised in her motion of summary judgment about the facts and issues of Arguments A and D of the Appellant's Opening Brief.

Appellant has raised Argument A in almost all the motions filed with the adversary proceedings in the bankruptcy court, by stating that Appellant was not able to earn an income since 1982. See Earned Income prepared by the IRS(A-67).

Moreover for Argument D, Appellant has offered the best legal authority which is the beautiful <u>United States Constitution</u> and the <u>Human Rights Act</u>, which unables to sue any person who has committed any wrongdoing legally.

4

## B. APPELLANT'S REPLY TO APPELLEE'S SECTION II B. OF SUMMARY JUDGMENT about ARGUMENTS B AND F

Facts and issues about <u>Argument B and F</u> were never raised in Appellee's motion for summary judgment. How could Appellant answers issues that were not addressed in Appellee's motion for summary judgment(DI 76).

Appellant is going to comment about the cited authorities cases of Section II, B of the Appelle's Answering Brief.

<u>Radich v. Goode</u> , is about counsel making an oral request of <u>Rule 56(f)</u> relief during the hearing.

<u>Dowling v. City of Philadelphia</u>, is about an arrest without probable cause which does create a cause of action for false arrest under 42 USC § 1983.

<u>Ernie Haire Ford, Inc. v. Ford Motor Co.</u>, is a breach of contacr case and also a tortuous interference with contract.

<u>Raymond v. U.S. Capitol Police Bd</u>., is about the hostile work environment which must be the result of discrimination based on the plaintiff's protected status.

All the cases cited by Appellee have different cause of action than the cause of action of Appellant case. The cause of action of the Appellant is that conspiracy has prevented Appellant to earn an income since 1982.

Moreover, the discovery would have permitted Appellant to demonstate nicely that jewish conspiracy has prevented him for not being able to earn an income since 1982.

5

CONCLUSION

Hoping that the Court will respond to this unsual case which should never had happened in this beautifull land known as the United States of America.

Further, Appellant prays the Court to issue an Order to refer the case to the Justice Department for investigation.

Moreover, to refer the case to Bankruptcy Court for the evaluation of "undue Hardship"; where upon discovery of the DOE would have permitted nicely to demonstrate that jewish conspiracy has prevented Appellant to earn an income since 1982.

Respectfully submitted,

Gabriel G. Atamian, MD, MSEE, JD
1021 N. State Street Apt A
Dover, DE 19901
302-678-2546
Appellant. Pro se

February 13, 2008

6

PROOF OF SERVICE

I, Appellant Gabriel G. Atamian, MD, MSEE, JD, do hereby certify that a copy of Appellant's Reply Brief was served on February 13, 2008, with postage prepaid, US Mail, on:

George L. Miller, Trustee
Suite 950
1628 John F. Kennedy Blvd.
Philadelphia, PA 19013

Colm F. Connoly, Esquire
Ellen W. Slights, Esquire
Office of the United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046
302-573-6277
Counsel for the United States Department of Education

I do swear under penalty of perjury that the above foregoing is true and correct.

_____
Gabriel G. Atamian, MD, MSEE, JD

February 13, 2008

# UNITED STATES BANKRUPTCY COURT
## District of Delaware

IN RE:

Gabriel G. Atamian MD,MSEE,JD                    Case No. 05-20040-(MFW)
                                                 Chapter 7
    Debtor

---

Gabriel G. Atamian MD,MSEE,JD                    Adversary No. 06-50435-(MFW)

    Plaintiff,

## DECLARATION OF CHAD KELLER

### JOB POSITION AND RESPONSIBILITIES

1. I am a Supervisory Program and Management Analyst in the Litigation Support Branch, San Francisco Service Center, Processing Group, Federal Student Aid, U.S. Department of Education (Education). I have held this position since October 2005.

2. My responsibilities are to assist United States Attorneys Offices with both Federal District Court and Bankruptcy Court litigation involving student loans. The litigation support provided includes, but is not limited to, the following: (1) providing background information on the individual's loan history (including repayment history and forbearance/deferment history) and loan programs; (2) preparing responses to discovery requests, and especially providing responses to interrogatories and requests for production of documents; (3) providing information regarding repayment options available to the borrower; (4) providing testimony to the actual case either in person or by submission of a declaration/affidavit; and (5) facilitating settlement.

Attachment A

Attachment A
(p. 1 of 2)

3. In order to fulfill my responsibilities, I have access to Education's Debt Management and Collection System (DMCS), a database commonly known within Education as "E-Systems," and which contains pertinent information on student loan accounts held by Education.

4. On December 29, 2006, Education conceded that Plaintiff met the standards for hardship discharge and administratively discharged the loans in Plaintiff's student loan account with Education. Plaintiff's account has been closed on Education's system of records and he has no balances or payments due.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing statements true and correct.

Executed: February 6, 2007

Chad Keller
Supervisory Program & Management Analyst

Attachment A
(p. 2 of 2)