IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GABRIEL G. ATAMIAN, | ) | Bank. No. 05-20040 (MFW) |
| | ) | Adv. No. A-06-50435 (MFW) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| GABRIEL G. ATAMIAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-355-SLR |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION | ) | |
| and SECRETARY OF U.S. | ) | |
| DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 31st day of March, 2008, having reviewed the papers submitted in connection with the above captioned appeal;

IT IS ORDERED that the appeal is denied and the bankruptcy court's order dated May 10, 2007 is affirmed, for the reasons that follow:

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of

historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background.** In 1986, 1988 and 1989, debtor/appellant Gabriel G. Atamian ("Atamian") executed promissory notes to secure education loans totaling $22,500. On October 14, 2004, the above loans were assigned to the Department of Education ("DOE"). On February 7, 1990, Atamian executed another promissory note to secure a $3,000 loan from Johns Hopkins University, which loan was assigned as well to the DOE. These loans shall be referred to collectively as "the Education Loans."

3. On November 15, 2005, Atamian filed a voluntary petition for relief under chapter 7 of the bankruptcy code. On January 20, 2006, Atamian filed a complaint against, among others, the DOE. In his complaint, Atamian sought: (a) a determination that the Education Loans were dischargeable (the "dischargeability claim"); and (b) an investigation into an alleged conspiracy by the Jewish community (1) to prevent him from earning an income since 1982, (2) to cover up the alleged murder of his mother, and (3) to mistreat his dental conditions since 1979 (collectively, the "residual claims").

4. On December 29, 2006, the DOE determined that the Education Loans were

dischargeable based on a finding of undue hardship, pursuant to 11 U.S.C. § 523(a)(8), and effected an administrative discharge of the Education Loans. On February 9, 2007, the DOE filed a motion for summary judgment on the complaint against it, which motion Atamian opposed.

5. The bankruptcy court, by memorandum opinion and order dated May 10, 2007, concluded that the relief requested by Atamian in his dischargeability claim had been provided by the DOE; therefore, there was no genuine issue of material fact with respect to that claim. The bankruptcy court further found that, because the residual claims involved neither the DOE nor the bankruptcy estate, the court did not have jurisdiction over such claims pursuant to 28 U.S.C. § 157. The DOE's motion for summary judgment was granted and judgment was entered in favor of the DOE.

6. **Conclusion.** There are no errors of law or fact in the bankruptcy court's analysis or conclusions. Atamian got what he requested vis a vis his bankruptcy case; that is, the Education Loans were discharged. The residual claims are not within the scope of the bankruptcy court's jurisdiction.

_____
United States District Judge